IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PARK CITY MUNICIPAL CORP.<br><br>    Plaintiff,<br><br>vs.<br><br>BUREAU OF RECLAMATION, and administrative agency of the United States Department of Interior, MICHAEL L. CONNOR, Commissioner of the Bureau of Reclamation, BRUCE C. BARRETT, Area Manager, Provo Area Office of the Bureau of Reclamation, SUMMIT WATER DISTRIBUTION COMPANY, a Utah nonprofit corporation.<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PARK CITY'S MOTION TO DISMISS COUNTERCLAIMS<br><br><br>Case No. 1:09-CV-144 TS |

This matter is before the court on Plaintiff's Motion to Dismiss the Counterclaims of Defendant Summit Water Distribution Company ("SWDC"). The counterclaims alleged against Plaintiff, Park City Municipal Corporation ("Park City"), are tortious interference, injurious falsehoods, and violations of the Sherman Act. Park City argues that the tort counterclaims should be dismissed based on its claims of immunity for performing a governmental function

1

under the Utah Governmental Immunity Act ("UGIA"), as well as the failure of SWDC to comply with the notice requirements of the UGIA. Park City also argues that the counterclaims asserting Sherman Act violations should be dismissed based on Park City's claim of *Parker*[1] immunity for governmental actions authorized by statute[2] and the inability of the counterclaims to meet the *Twombly*[3] pleading requirements.

For the reasons set forth below, the Court finds it lacks subject matter jurisdiction over the claims and, therefore, the counterclaims will be dismissed without prejudice. Because this case is resolved on jurisdictional issues, the court need not address Park City's arguments specifically. However, if the Court were to address these arguments, it does not appear that the complaint is pleaded with the required specificity.

## I. BACKGROUND

Park City filed this action on October 29, 2009, seeking injunctive and declaratory relief for alleged violations of the Administrative Procedure Act ("APA") and National Environmental Policy Act ("NEPA"). Park City claimed that the Bureau of Reclamation ("BOR") had violated NEPA when it issued a Final Environmental Assessment ("EA") and Finding of No Significant Impact ("FONSI") for the East Canyon Reservoir Water Intake Structure (the "Project") to be constructed on the East Canyon Reservoir in Morgan County, Utah. The complaint was based on

---

[1] *Parker v. Brown*, 317 U.S. 341 (1943).

[2] The *Parker* immunity doctrine was adopted by the United States Supreme Court in *Parker v. Brown*, 317 U.S. at 351, in which the Court held that "[t]he Sherman Act makes no mention of the state . . . and gives no hint it was intended to restrain state action or official action directed by a state."

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

the allegation that the BOR had failed to follow several procedural requirements under NEPA. Park City joined SWDC in the action against BOR because SWDC had been authorized to construct the water intake structure approved by the BOR.

On November 30, 2009, SWDC filed its answer and counterclaims to the complaint. SWDC alleged that Park City had tortiously interfered with SWDC's contracts related to the Project, that the lawsuit against SWDC also amounted to interference and was brought in bad faith, and that Park City has been continuously interfering with other contracts unrelated to the Project. SWDC also alleged that Park City had spread injurious falsehoods by way of malicious, defamatory comments and misrepresentations of SWDC's business in general. Furthermore, SWDC also alleged that Park City had violated provisions of the Sherman Act by engaging in non-competitive activities in order to gain a monopoly over the culinary water market in Park City and surrounding areas to the detriment of SWDC, Park City's primary competitor. SWDC claimed that Park City has been engaging in an illegal tying arrangement by conditioning annexation into the municipality on purchase of water from Park City.

On May 28, 2010, Park City moved to bifurcate the claims from the counterclaims, to which all defendants joined. This Court entered an order on August 16, 2010, authorizing the bifurcation of the claims. On August 20, 2010, the Court granted Park City's stipulated motion to dismiss without prejudice its claims against the defendants. Now only SWDC's counterclaims remain.

On December 23, 2009, Park City moved to dismiss SWDC's counterclaims. Park City argues that the counterclaims alleging tortious interference and injurious falsehoods should be

dismissed based on SWDC's failure to comply with the UGIA,[4] and that regardless of notice, Park City is immune under the Act. As to the Sherman Act counterclaims, Park City argues that the claims do not meet the *Twombly* pleading requirements, and furthermore, even if they were met, Park City is immune under the *Parker* immunity doctrine. SWDC opposes the motion, claiming that the UGIA does not apply and therefore the notice requirements do not need to be met. However, if the court determines that the UGIA notice requirements do apply, and that Park City might not have immunity, SWDC requests that the state law counterclaims be dismissed without prejudice so that SWDC may comply with the notice requirements. As to the claims under the Sherman Act, SWDC argues that the *Twombly* pleading factors have been met and that *Parker* immunity is inapplicable.

## II. DISCUSSION

**A.     *SWDC's claims must be dismissed based on lack of subject matter jurisdiction over both the state law tort claims and the Sherman Act.***

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[5] In determining whether SWDC's counterclaims may survive a motion to dismiss, the facts must be reviewed under (a) the Utah Government Immunity Act and (b) the Sherman Act.

---

[4] UTAH CODE ANN. §§ 63G-7-101 to 904 (2008).

[5] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative.").

1. <u>The Court does not have subject matter jurisdiction over the state law claims when SWDC failed to comply with the notice requirements of the UGIA.</u>

Under the Utah Government Immunity Act ("UGIA"), ". . . each governmental entity and each employee of a governmental entity are immune from suit for any injury that results from the exercise of a governmental function."[6] A threshold question in determining whether a claim may move forward is whether the notice requirements under the Act have been met such that a court has subject matter jurisdiction.[7] The UGIA has strict notice requirements defined under UTAH CODE ANN. §§ 63G-7-401 to 403. The statute requires that "[a]ny person having a claim against a governmental entity, or against its employee for an act or omission occurring during the performance of the employee's duties, within the scope of employment, or under color of authority *shall file a written notice of claim with the entity before maintaining an action, regardless of whether or not the function giving rise to the claim is characterized as governmental*."[11] The purpose of the notice requirement is "to provide the governmental entity an opportunity to correct the condition that caused the injury, evaluate the claim, and perhaps settle the matter without the expense of litigation."[12]

The Utah Supreme Court has strictly applied the statute, such that "[f]ailure to strictly comply with these requirements deprives a court of subject matter jurisdiction and precludes a

---

[6] UTAH CODE ANN.§ 63G-7-201.

[7] *Greene v. Utah Transit Auth.*, 2001 UT 109, ¶ 20, 37 P.3d 1156.

[11] UTAH CODE ANN. §63G-7-401(2) (emphasis added).

[12] *Cedar Professional Plaza, L.C. v. Cedar City Corp.*, 2006 UT App 36, ¶ 9, 131 P.3d 275 (citations omitted).

claimant from bringing suit against a governmental entity."[13] Among the reasons the Court has found for dismissing a claim for improper notice include failure to adhere to the act when parties had not verified notice with an oath, notice filed a day late, as well as for failure to deliver notice to the proper person as specified in the Act.[14] As particularly relevant to the present case, the statute states that the notice requirements must be complied with "*regardless of whether or not the function giving rise to the claim is characterized as governmental.*"[15] The Utah Supreme Court noted in *Nielson v. Gurley*,[16] that if "a plaintiff need only provide notice in those situations when the sovereign may properly invoke immunity under the substantive provisions of the Act, the notice requirement would be meaningless because the substantive provisions of sovereign immunity would fully protect the sovereign and its operatives in any event."[17] Therefore, the notice requirements must be strictly complied with if a party is claiming an injury by a government entity, whether or not the entity was actually performing a governmental function.

Another important aspect of the notice requirement under the UGIA is that a claim is "barred unless notice of claim is filed . . . within one year after the claim arises regardless of

---

[13] *Greene v. Utah Transit Auth.*, 2001 UT 109, ¶ 20; *see also Wheeler v. McPherson*, 2002 UT 16, ¶12, 40 P.3d 632 ("Applying this rule of strict compliance, we have repeatedly denied recourse to parties that have even slightly diverged from the exactness required by the Immunity Act.").

[14] *Wheeler*, 2006 UT 16, ¶¶ 12,16.

[15] UTAH CODE ANN. § 63G-7-401(2).

[16] 888 P.2d 130 (Utah 1994).

[17] *Id.* at 135.

whether or not the function giving rise to the claim is characterized as governmental."[18] In applying this provision, Utah courts hold that "a statute of limitations is triggered 'upon the happening of the last event necessary to complete the cause of action."[19] Actions will be dismissed with prejudice if notice has not been filed within one year of the alleged injury.[20]

However, there are limited instances in which the notice requirement may not be applicable in a suit for injury against a governmental entity. First, Utah courts have recognized that the notice provisions of the UGIA are not required in a suit against a government entity in cases in which the claim is clearly based on a "self-executing provision of the Utah Constitution and does not arise out of, and is not dependent on, a waiver of immunity contained in the UGIA."[21] Second, while there is no Utah case law directly on point, some courts have held that the counterclaims against a governmental entity are not subject to the notice requirements of state governmental immunity acts, based on the rationale that the entity waived the notice requirement, and thus their immunity, by bringing the suit in the first place.[22] In considering this exception,

---

[18] UTAH CODE ANN. § 63G-7-402.

[19] *Cedar Professional Plaza, L.C. v. Cedar City Corp.*, 2006 UT App 36 ¶ 11, 131 P.3d 275 (citing *Russell Packard Dev., Inc. v. Carson*, 2005 UT 14,¶ 20, 108 P.3d 741).

[20] *Yates v. Vernal Family Health Center*, 617 P.2d 352, 354-355 (Utah 1980) (dismissing claims against Uintah County for plaintiffs failure to file proper notice under the GIA within one year after injury).

[21] *Heughs Land, L.L.C. v. Holladay City*, 2005 Utah App 202 ¶ 11, 113 P.3d 1025 (holding that case involving inverse condemnation did not require plaintiffs to adhere to notice requirements of UGIA when claim clearly fell under independent provision of the Utah Constitution).

[22] *Ivy v. Health and Hosp.s Governing Comm'n of Cook Cty*, 360 N.E.2d 501 (Ill. App. Ct. 1977); *see also* 56 Am.Jur. 2d Municipal Corporations, Etc. § 647.

the Court finds the reasoning in *Forest View* persuasive.[23] There, the Colorado court limited this exception to a counterclaim which "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and is asserted only as a means of reducing or defeating the government's claim."[24] In application, the *Forest View* court found that since defendants "sought affirmative relief in tort, and its claim . . . is not asserted defensively for the purpose of diminishing [plaintiff's] recovery, we conclude that, even if we were to recognize a setoff or recoupment exception, such an exception would not apply here" when the plaintiff's had only sought declaratory and injunctive relief.[25]

Applying these exceptions to the case at hand, the Court again notes that Utah courts have strictly adhered to the notice requirements of the UGIA. The first exception, which is applicable when the claim is based on a provision of the Utah Constitution, is not applicable here because there is no constitutional claim. As to the second exception for counterclaims, the case law in Utah is not fully developed regarding the proposition that a government plaintiff has waved its immunity by bringing the suit in the first place and therefore notice is not required. However, even if Utah courts were to adopt that theory, based on the strict adherence of the Utah courts to the notice requirements, this Court finds that a Utah court would likely apply a similar rule to that applied by the Colorado court in *Forest View* - the Colorado rule being that counterclaims

---

[23] *Forest View Acres Water Dist. v. The Colo. State Bd. of Land Comm'rs*, 968 P.2d 168, 171 (Colo. App.1998).

[24] *Id*. at 172 (citing *Rupenthal v. State*, 849 P.2d 1316 (Wyo. 1993)).

[25] *Forest View*, 968 P.2d at 172.

may potentially bypass the notice requirements if counterclaims were for set-off or recoupment.[26] Such is not the case here where Defendant seeks an award of damages, and therefore this exception to the notice requirement for counterclaims does not apply.

It is undisputed that Defendant has failed to comply with the notice requirement.[27] Despite not having filed notice, SWDC claims that the "determination of 'governmental function' in this cases disposes of both Park City's substantive and procedural rationales for seeking dismissal of the state law counterclaims."[28] The statute, however, as previously noted, states that a claim is barred unless notice of the claim is filed "whether or not the function giving rise to the claim is characterized as governmental." Therefore, according to the Act, SWDC was required to comply with the act, such that the court lacks subject matter jurisdiction over these counterclaims.

In the absence of Utah statute or case law waiving the notice provision for counterclaims, the Court need not determine if the counterclaims are compulsory because notice is still required.

Because the Court finds it lacks jurisdiction over the state law counterclaims, they will be dismissed without prejudice.

2. <u>The Court does not have subject matter jurisdiction over the Sherman Act claims when SWDC failed to plead a nexus between Park City's unlawful conduct and interstate commerce.</u>

---

[26] *Id.*

[27] Def.['s] Mem. In Opp'n to Pl.['s] Mot. To Dismiss Countercls, Docket No. 21, at 17-18.

[28] *Id*. at 14.

9

The Sherman Act states that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal."[29] In regards to the pleading requirements under the Sherman Act, in order for a court to have subject matter jurisdiction, the claimant "must point to the relevant channels of interstate commerce logically affected by the defendant's allegedly unlawful conduct."[30] "It is now hornbook law that to satisfy interstate commerce jurisdiction under the Sherman Act the challenged activity must occur in the flow of interstate commerce, or, though occurring on a purely local level, substantially affect interstate commerce."[31] Thus, the party claiming a violation of the Sherman Act "must (1) identify a 'relevant' aspect of interstate commerce, and (2) specify its relationship to the defendant's activities alleged to be 'infected' with illegality."[32] Further, they must show that defendants' challenged activities have a "not insubstantial effect on the interstate commerce involved."[33] However, "an elaborate analysis of interstate impact is not necessary at the jurisdictional stage, only an allegation showing a logical connection as a matter of practical economics between the unlawful conduct and interstate commerce."[34]

---

[29] 15 U.S.C. § 1.

[30] *Crane v. Intermountain Health Care, Inc.*, 637 F.2d 715, 722 (10th Cir. 1980); *see also McLain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232, 242 (1980); *Anesthesia Advantage, Inc. v. Metz Group*, 912 F.2d 397, 400 (10th Cir. 1990).

[31] *Crane*, 637 F.2d at 720.

[32] *Id.* at 723.

[33] *McLain*, 444 U.S. 232, 246.

[34] *Anesthesia Advantage, Inc.*, 912 F.2d at 401.

In an unreported decision by this Court, relying on the above cited cases, this Court addressed the issue of whether a complaint alleging violations of the Sherman Act was adequately plead when the complaint was "completely devoid of any mention of interstate commerce."[35] This Court pointed out that the plaintiffs had failed to explain how the actions in Salt Lake County were related to interstate commerce such that the Act would apply. It stated that "[p]laintiff's seem to be asking the court to presume a nexus between the challenged activity alleged here and interstate commerce. Such a presumption is improper. The nexus must be plead."[36] Based on this failure by the plaintiffs, the Court dismissed the antitrust claims.[37]

At the hearing on the present action, Defendant cited to paragraphs 47 and 48 of its counterclaim as supporting an interstate commerce connection, but conceded that such connection was not pleaded. SWDC's counterclaims alleging violations of the Sherman Act will be dismissed without prejudice based on a failure to satisfy the pleading requirements. Federal courts have strictly applied the requirement that a party in its complaint make "an allegation showing a logical connection as a matter of practical economics between the unlawful conduct and interstate commerce."[38] SWDC made no such connection in either their Answer and Counterclaim or in their Memorandum in Opposition to Plaintiff's Motion to Dismiss. The counterclaims make no connection to any markets outside of Summit County. As long as this connection to interstate commerce is lacking, the court lacks subject matter jurisdiction over

---

[35] *U.S. General, Inc. v. Draper City*, 2006 WL 1594184 (D. Utah Jun. 7, 2006).

[36] *Id.* at 2.

[37] *Id.*

[38] *Anesthesia Advantage, Inc.*, 912 F.2d at 401.

these counterclaims and therefore these counterclaims will be dismissed without prejudice.

## III.  CONCLUSION

For the foregoing reasons, it is therefore

ORDERED that Park City's Motion to Dismiss (Docket No. 17) is GRANTED. Defendant's counterclaims are DISMISSED without prejudice. The Clerk of the Court is directed to close this case forthwith.

DATED November 2, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge